```
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
HBROCHIN@DAYPITNEY.COM
```

**ATTORNEYS FOR** Defendant
United Parcel Service of America, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NORTH JERSEY SURGERY CENTER a/s/o DONNA DENICOLA | : | Civil Action No. 2:12-cv-07131 (SDW)(MCA) |
| Plaintiff, | : | |
| v. | : | **ANSWER** |
| | : | **DOCUMENT FILED ELECTRONICALLY** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; UNITED PARCEL SERVICE, ABC CORP. (1-10) | : | |
| Defendants. | : | |
| | : | |

Defendant United Parcel Service of America, Inc. ("UPSOA"), improperly pleaded in the Complaint as "United Parcel Service," as plan sponsor of the UPS Health and Welfare Package (the "Plan"), provides this Answer to the Complaint of plaintiff North Jersey Surgery Center.

84484305.2

**THE PARTIES**

1. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except to admit that at all relevant times, plaintiff was an out-of-network medical provider under the Plan.

2. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except to state that Donna Denicola is a participant in the Plan.

6. Defendant UPSOA denies the allegations contained in paragraph 6 of the Complaint, except to state that United Parcel Service, Inc. is a parcel delivery company with headquarters located at 55 Glenlake Parkway NE, Atlanta, Georgia that transacts

business in New Jersey and that UPSOA is a corporation of the state of Delaware and sponsor of the Plan.

7. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant UPSOA denies the allegations contained in paragraph 8 of the Complaint, except to admit that UPSOA has seen copies of assignment of benefit agreements dated October 23, 2010 and November 3, 2010 bearing the signature of Donna Denicola.

## SUBSTANTIVE ALLEGATIONS

9. Defendant UPSOA denies the allegations contained in paragraph 9 of the Complaint, except to admit that UPSOA is the plan sponsor of the Plan, which provides out-of-network benefits subject to stated terms, conditions, and limitations of the Plan.

10. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except to admit that plaintiff according to Blue Cross and Blue Shield of Illinois's records plaintiff provided medical services to Ms. Denicola.

11. Paragraph 11 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 11 of the Complaint, except to admit that usual and customary fees often reflect the amount that medical providers charge patients.


12. Defendant UPSOA denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except to admit that plaintiff generated a bill in the amount of $19,068.00 for medical services provided to Ms. Denicola on October 27, 2010.

14. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except to admit that plaintiff generated a bill in the amount of $24,230.00 for medical services provided to Ms. Denicola on November 3, 2010.

15. Defendant UPSOA denies the allegations contained in paragraph 15 of the Complaint, and further denies that plaintiff is entitled to the requested relief.

16. Defendant UPSOA denies the allegations contained in paragraph 16 of the Complaint, except to admit that plaintiff submitted two appeals dated April 5, 2011 for medical services provided to Ms. Denicola.

17. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant UPSOA denies the allegations contained in paragraph 18 of the Complaint.

**FIRST COUNT**
**(Violation of ERISA)**

19. As to Defendant UPSOA's answer to paragraph 19, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-18 hereinabove as though fully set forth.

20. Paragraph 20 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except to state that UPSOA is the Plan sponsor of the Plan and Blue Cross Blue Shield of Illinois provides third party administrative services to the Plan.

22. Paragraph 22 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except to admit that UPSOA has seen copies of assignment of benefit agreements dated October 23, 2010 and November 3, 2010 bearing the signature of Donna Denicola.

26. Paragraph 26 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPSOA denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, UPOSA denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations regarding Horizon contained in paragraph 28 of the Complaint, except UPSOA states that payments for benefits were made under the Plan.

29. Defendant UPSOA denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant UPSOA denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant UPSOA denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant UPSOA denies the allegations contained in paragraph 32 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the First Count of the Complaint.

### SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

33. As Defendant UPSOA's answer to paragraph 33, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-32 hereinabove as though fully set forth.

34. Defendant UPSOA denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant UPSOA denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant UPSOA denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 states a legal conclusion to which no responsive pleading is required. To the extent that a response is

required, UPSOA denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant UPSOA denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant UPSOA denies the allegations contained in paragraph 39 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Second Count of the Complaint.

### THIRD COUNT
### (Promissory Estoppel)

40. As Defendant UPSOA's answer to paragraph 40, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-39 hereinabove as though fully set forth.

41. Defendant UPSOA denies the allegations contained in paragraph 41 of the Complaint, except to admit that according to Blue Cross and Blue Shield of Illinois's records plaintiff provided medical services to Ms. Denicola.

42. Defendant UPSOA denies the allegations contained in paragraph 42 of the complaint.

43. Defendant UPSOA lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Defendant UPSOA denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant UPSOA denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant UPSOA denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant UPSOA denies the allegations contained in paragraph 47, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Third Count of the Complaint.

## FOURTH COUNT
**(Negligent Misrepresentation)**

48. As Defendant UPSOA's answer to paragraph 48, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-47 hereinabove as though fully set forth.

49. Defendant UPSOA denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant UPSOA denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant UPSOA denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant UPSOA denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant UPSOA denies the allegations contained in paragraph 53 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Fourth Count of the Complaint.

### FIFTH COUNT
### (Unjust Enrichment)

54. As Defendant UPSOA's answer to paragraph 54, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-53 hereinabove as though fully set forth.

55. Defendant UPSOA denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant UPSOA denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant UPSOA denies the allegations contained in paragraph 57 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Fifth Count of the Complaint.

### SIXTH COUNT

58. As Defendant UPSOA's answer to paragraph 58, UPSOA repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-57 hereinabove as though fully set forth.

59. Defendant UPSOA denies the allegations contained in paragraph 59 of the Complaint and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Sixth Count of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

To the extent plaintiff purports to assert a claim or claims predicated upon state or common law, such claim or claims are preempted by Employee Retirement Income Security Act of 1974 ("ERISA").

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff had no basis to rely on any representations of UPSOA or the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the payment alleged in the Complaint pursuant to the terms of the Plan.

### SIXTH AFFIRMATIVE DEFENSE

Defendant UPSOA complied with its obligations under the terms of the Plan and applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or Ms. Denicola failed to exhaust its administrative remedies pursuant to the terms of the Plan and as such the claims in this lawsuit are barred.

### EIGHTH AFFIRMATIVE DEFENSE

On the facts alleged and applicable law, plaintiff is not entitled to recover damages, costs of suit and filing fees associated with this action.

### NINTH AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the actions of plaintiff, Ms. Denicola, or some other third party over whom the Defendant UPSOA exercised no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue UPSOA or the Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant UPSOA has no legal duty to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to join a necessary party to this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court may not have subject matter jurisdiction over all or a portion of plaintiff's claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of set-off.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the express terms of the Plan.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant UPSOA acted reasonably and in good faith at all times.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some or all of its claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Attorneys' fees are not available for some or all of plaintiff's claims.

### NINETEENTH AFFIRMATIVE DEFENSE

United Parcel Service, Inc. is an improper party to this action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the Plan.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The reviews of plaintiff's claims were full and fair, and its determinations were neither arbitrary or capricious nor an abuse of discretion.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The complaint may be barred by the applicable statute of limitation.

WHEREFORE, defendant United Parcel Service of America, Inc. demands judgment in its favor and against plaintiff North Jersey Surgery Center, LLC dismissing the Complaint with prejudice, together with costs, attorney's fees and such other and further relief as this Court may deem just and appropriate.

>DAY PITNEY LLP
>Attorneys for Defendant
>United Parcel Service of America, Inc.
>
>
>By:  /s/ Heather Weine Brochin
>        Heather Weine Brochin
>        A Member of the Firm

DATED: January 7, 2013.

**CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2**

I certify that, to the best of my knowledge, other than the matter listed below, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

On November 9, 2012, counsel for co-defendant Horizon Blue Cross and Blue Shield of New Jersey removed this case to the United States District Court for the District of New Jersey, bearing the docket number 2:12-cv-07003(ES)(SCM). Defendant UPSOA was not aware that this case was previously removed when it filed its Notice of Removal on November 16, 2012.

>
> DAY PITNEY LLP
> Attorneys for Defendant
> United Parcel Service of America, Inc.
>
>
> By:  /s/ Heather Weine Brochin
>     Heather Weine Brochin
>     A Member of the Firm

DATED:  January 7, 2013.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the within Answer was electronically filed and served via first class mail, postage prepaid, upon counsel for plaintiff at the following address:

>Andrew Bronsnick, Esq
>Massood & Bronsnick, LLC
>Wayne, New Jersey 07170-6663

>/s/ Kevin J. Skelly
>KEVIN J. SKELLY

DATED: January 7, 2013.